Martin W. Aron, Esq. (Bar ID # 036011984)
Robert J. Cino, Esq. (Bar ID #030672008)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890
ATTORNEYS FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUZY ARKU-NYADIA, | : |
| | : CIVIL ACTION NO.: |
| Plaintiff, | : |
| | : |
| v. | : **NOTICE AND PETITION FOR** |
| | : **REMOVAL** |
| LEGAL SEA FOODS, LLC, | : |
| | : |
| Defendant(s). | : |
| | : |
| | : |

TO:    William T. Walsh, Clerk of Court
       United States District Court for the District of New Jersey
       M.L. King, Jr. Federal Bldg. & U.S. Courthouse,
       50 Walnut St.
       Newark, NJ 07102

       John C. Messina, Esq.
       Berkowitz, Lichtstein, Kuritsky,
       Giasullo & Gross, LLC
       75 Livingston Avenue
       Roseland, NJ 07068

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Legal Sea Foods, LLC

("Defendant") respectfully submits this Notice and Petition For Removal of a case from the

Superior Court of New Jersey, Law Division, Essex County, bearing Docket No. L-9039-17, and

state as follows as grounds for removal:

1.      On or about December 22, 2017, Plaintiff, Suzy Arku-Nyadia, filed a civil action

captioned Suzy Arku-Nyadia v. Legal Sea Foods, LLC, Docket No. L-9039-17, in the Superior

Court of New Jersey, Law Division, Essex County. A true and correct copy of the Complaint in that action is attached hereto as Exhibit A.

2.    Defendant was served with the Summons and Complaint on December 29, 2017.

3.    This notice of removal, filed on January 26, 2018, is filed within thirty (30) days after Defendant received the Complaint, which is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based.

4.    Therefore this Notice and Petition is timely filed within the provisions of 28 U.S.C. § 1446 in that Defendant has effectuated removal within thirty (30) days of receipt of it in a paper form which could be first ascertained that this action is removable. See 28 U.S.C. § 1446.

5.    Defendant has not filed an answer or other pleading in the Superior Court of New Jersey.

## REMOVAL BASED ON DIVERSITY JURISDICTION

6.    The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This case may therefore be removed pursuant to 28 U.S.C. § 1441.

7.    28 U.S.C. § 1441(a) provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.      This action is one over which this Court has original jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.

9.      In this matter, there is complete diversity of citizenship between Plaintiff and Defendant. Specifically, at the time of the filing of the subject Complaint and the filing of this removal petition, Plaintiff was and is a citizen and resident of the State of New Jersey. See Exhibit A. Specifically, the named Defendant, Legal Sea Foods, LLC, is and has been, both upon the filing of the complaint on December 22, 2017, and the filing of this removal petition, a limited liability corporation wholly-owned by Legal Sea Foods Holding, Co., Inc. duly created and organized under the laws of the State of Massachusetts with a principal place of business in Boston, Massachusetts. Neither of the above entities are (at the time of the filing of the subject complaint on December 22, 2017 and as of the time of the filing of this removal petition), corporations created and/or organized under the laws of New Jersey, and none have a principal place of business in New Jersey.

10.     Plaintiff has not specifically enumerated the amount in controversy in her Complaint. However, the fact that a complaint does not on its face state the amount it seeks to recover will not defeat diversity jurisdiction. When a plaintiff has not specified that the amount in controversy is less than the jurisdictional minimum, the defendant need only show that, to a legal certainty, the amount in controversy exceeds the threshold requirement. See Bergen County Improvement Auth. v. Bergen Reg'l Med. Ctr., 2012 U.S. Dist. LEXIS 81891 (D.N.J. June 7, 2012); see also Raspa v. Home Depot, 533 F. Supp. 2d 514 (D.N.J. 2007) (legal certainty test satisfied by demand for compensatory and punitive damages, and attorneys' fees).

11.    In this case, Plaintiff alleges discrimination, retaliation, and hostile work environment in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. In the Complaint, Plaintiff seeks compensatory, punitive, and emotional distress damages, attorneys' fees and the cost of the lawsuit. Given the relief available to Plaintiff should she succeed in this matter, Defendant submits the amount in controversy well exceeds the jurisdictional amount of $75,000. Therefore, the jurisdictional threshold of $75,000 is satisfied.

12.    Therefore, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332(a)(1). Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

13.    Defendant submits this Notice and Petition for Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff has pleaded claims upon which relief may be granted.

**VENUE**

Pursuant to 28 U.S.C. §§ 1441(a), venue lies in the United States District Court for the District of New Jersey because the state action was filed in this District and this is the judicial district in which the action arose.

**NOTICES**

Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of the removal of this action to all adverse parties, and has filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Essex County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
Attorneys for Defendant

By:___/s/ Martin W. Aron_____
Martin W. Aron
Robert J. Cino

Dated:  January 26, 2018

# EXHIBIT A



# CSC

**KOC / ALL**
**Transmittal Number: 17581857**
**Date Processed: 12/29/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Richard Heller<br>Legal Sea Foods, LLC<br>One Seafood Way<br>Boston, MA 02210 |
| **Electronic copy provided to:** | Donna Cruz |
| **Entity:** | Legal Sea Foods, LLC<br>Entity ID Number  0564581 |
| **Entity Served:** | Legal Sea Foods, L.L.C. |
| **Title of Action:** | Suzy Arku-Nyadia vs. Legal Seafoods, L.L.C. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Essex County Superior Court, New Jersey |
| **Case/Reference No:** | ESX-L-009039-17 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 12/29/2017 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | John C. Messina<br>973-325-7800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

| | |
|---|---|
| Attorney(s): | John C. Messina |
| Attorney Id No.: | 025411985 |
| Law Firm: | Berkowitz, Lichtstein, Kuritsky, Giasullo & Gross, LLC |
| Address: | 75 Livingston Avenue |
| | Roseland, NJ 07068 |
| | |
| Telephone No.: | (973) 325-7800 |
| Fax No.: | (973) 325-7930 |
| E-mail: | jmessina@blkgg.com |
| Attorney(s) for Plaintiff(s): SUZY ARKU-NYADIA | |

**SUZY ARKU-NYADIA**

Plaintiff(s)

vs.

**LEGAL SEA FOODS, L.L.C.,**

Defendant(s)

SUPERIOR COURT OF NEW JERSEY

**LAW** DIVISION

**ESSEX** COUNTY

DOCKET NO.: **L-9039-17**

CIVIL ACTION

**Summons**

## FROM THE STATE OF NEW JERSEY

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is provided and available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ **175.00** _____ and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.sslegal.com    800.222.0510    Page 1

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (1-888-576-5529).   If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.   A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Date: __**December 26, 2017**__                        _s/Michelle M. Smith_
                                                **Michelle M. Smith**            _Clerk of the Superior Court_

Name of Defendant to be Served: **LEGAL SEA FOODS, L.L.C.,**

Address of Defendant to be Served: **Corporation Service Company, Princeton South Corporate Center, Suite 160, 100 Charles Ewing Boulevard, Ewing, NJ  08628**

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10792
Rev. 11/14    P8/17

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510        Page 2

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice, First Floor
101 South Fifth Street, Suite 150
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
9 North Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street, P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake, First Floor, Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Department
Brennan Court House, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Middlesex Vicinage
Second Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY**
Morris County Courthouse
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-6629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
First Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

*Updated: 8/21/13*

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510    Page 3

**BERKOWITZ, LICHTSTEIN, KURITSKY,**
**GIASULLO & GROSS, LLC**
John C. Messina, Esq. ID: 025411985
75 Livingston Avenue
Roseland, New Jersey 07068
P: 973-325-7800 | F: 973-325-7930
jmessina@blkgg.com
Attorneys for Plaintiff

| | |
|---|---|
| SUZY ARKU-NYADIA,<br><br>Plaintiff<br><br>v..<br><br>LEGAL SEAFOODS, L.L.C.,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – ESSEX COUNTY<br><br>Docket No.<br><br>*Civil Action*<br><br>**COMPLAINT** |

By way of Complaint, Plaintiff, Suzy Arku-Nyadia, by and through her attorneys, Berkowitz, Lichtstein, Kuritsky, Giasullo & Gross, LLC, says:

## PARTIES

1.      Plaintiff, Suzy Arku-Nyadia ("Arku-Nyadia" or "Plaintiff"), is a resident of the State of New Jersey, residing at 3 Chestnut Street, Elmwood Park, New Jersey.

2.      Defendant, Legal Seafoods, LLC ("Legal Seafoods" or "Defendant") is a business entity registered in the State of New Jersey, having a business location at 1200 Morris Turnpike, Short Hills, New Jersey.

## JURISDICTION

3.      Jurisdiction over Defendant is vested in this Court by virtue of Defendant's business activities within the State of New Jersey.

1

## VENUE

4.      Venue of the within action is properly laid in this Court pursuant to New Jersey Rule of Court 4:3-2(a), by virtue of Essex County being the county in which the cause of action arose.

## FACTUAL ALLEGATIONS

5.      Defendant is a restaurant and oyster bar chain, specializing in the preparation and service of seafood dishes.

6.      Over a 15-year period, plaintiff, Arku-Nyadia was employed by Defendant as a waitress at its White Plains, New York, Paramus, New Jersey and Short Hills, New Jersey locations.

7.      Arku-Nyadia is an African American female.

8.      The entire management staff employed by Defendant at its Paramus location, at the time of Arku-Nyadia's employment was Caucasian.

**The Pre-Textual Subject Incident**

9.      In conjunction with their employment, Defendant provides its employees with a free meal during their shift so long as the item ordered by the employee is on an approved list.

10.      Certain items on Defendant's menu are not on the approved list and must be "rung up."

11.      On June 1, 2017, in accordance with Defendant's permitted practice, Arku-Nyadia placed an order with the kitchen for a certain pasta dish which is a permitted item for Defendants' employees' free meals.

12.      The pasta included on the approved list was unavailable at that time and Arku-Nyadia asked the chef to substitute children's cheese raviolis for the pasta.

2

13.    Arku-Nyadia knew the cheese raviolis were the price equivalent of the approved pasta dish and believed them to be an acceptable substitute for a free meal.

14.    Mistakenly, the chef prepared lobster ravioli, a full entrée which is not on the approved list and which is supposed to be "rung up".

15.    Arku-Nyadia had no intention of ordering a more expensive dish, does not like lobster ravioli and had nothing to do with the error resulting in the incorrect order.

16.    Arku-Nyadia was disciplined for failing to "ring up" the lobster ravioli order.

**Defendant Wrongfully Terminates Plaintiff's Employment**

17.    Arku-Nyadia informed Defendant about the mistake and clarified that she had not requested lobster ravioli.

18.    Defendant's management refused to properly investigate and persisted in incorrectly assessing discipline against Arku-Nyadia.

19.    On June 1, 2017, Defendant terminated Arku-Nyadia's employment on the pretext that she had attempted to steal the lobster ravioli dinner.

20.    Non-African American employees were not subjected to discipline or termination for similar conduct.

21.    Defendant singled Arku-Nyadia out for more severe discipline because of her race and gender and/or concocted the alleged lobster ravioli theft as a pretext to remove her from employment.

**A Culture of Racism and Sexism Existed at Defendant's Restaurants**

22.    While employed by Defendant, Arku-Nyadia, as an African American employee, was a minority among Defendant's employees, the majority of which were Caucasian or Hispanic.

3

23.    Arku-Nyadia was subjected to disparate treatment on the basis of her race and gender, and was subjected to harassment, more severe discipline, more significant supervision and treated in a less favorable manner on the basis of her protected characteristics.

24.    Arku-Nyadia was repeatedly disciplined and written up for imagined or minor errors for which non-African American employees were not disciplined, generating a severe and persistent pattern of discrimination on the basis of race.

25.    As a matter of example, Defendant regularly accused Arku-Nyadia of "stealing" tables from other non-African American servers when customers requested that she be their server.

26.    By way of further example, on one occasion, Arku-Nyadia purchased a ginger ale for one of her regular customers who had been diagnosed with Parkinson's disease using her own money.

27.    Arku-Nyadia retained the receipt for her purchase because she anticipated being accused of misconduct or "stealing" by her managers.

28.    Immediately thereafter, a manager accused Arku-Nyadia of stealing the ginger ale and interrogated her on the subject.

29.    Caucasian waiters and waitresses were not subject to interrogation but were in fact praised when they treated regular customers in a like fashion.

30.    Additionally, Defendant routinely took Arku-Nyadia's shifts away and provided them to her Caucasian male counterparts.

31.    While employed by Defendant, Arku-Nyadia observed a recurring pattern of African American and female employees being passed over for promotions, raises and other benefits by Defendant, in favor of Caucasian male employees.

4

32.    African American employees were also subjected to more onerous supervision and dealt harsher discipline than non-African American employees.

33.    Arku-Nyadia observed many African American employees quit to avoid such discriminatory treatment.

34.    Additionally, Arku-Nyadia's supervisors made sexual comments to Arku-Nyadia on account of her gender/race.

35.    By way of example, one of Arku-Nyadia's supervisors stated to plaintiff "I bet you are good in bed" and otherwise made sexualized statements to Arku-Nyadia and engaged in unwanted sexual advances.

**A Culture of Retaliation Existed at Defendant's Restaurants.**

36.    Defendant discouraged employees from making complaints about harassment or disparate treatment by subjecting employees (including Arku-Nyadia) who made complaints to harsher discipline, increased scrutiny, less favorable work conditions and by failing to effectively investigate or remedy such conduct.

37.    Despite Defendant's efforts to discourage complaints about discrimination, Arku-Nyadia did complain to management on her own behalf and on behalf of her co-workers that were forced to endure unwanted sexual advances and/or other harassment.

38.    Specifically, Arku-Nyadia complained to management about racially motivated conduct and harassment based upon her race and gender.

39.    Defendant and its managerial employees communicated to Arku-Nyadia that her complaints had made her unwelcome at Defendant's restaurants and that she would be subjected to more severe discipline and scrutiny as a result of her conduct.

5

40.    Arku-Nyadia's termination for "stealing" ravioli, as set forth above, was in retaliation for her complaints about race and gender based discrimination and disparate treatment existing at Defendant's restaurants.

41.    Defendant's conduct as aforesaid caused Arku-Nyadia severe emotional harm.

## COUNT ONE
### (NJLAD - Disparate Treatment)

42.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

43.    Plaintiff is an African American female and is therefore a member of a protected class as defined under the New Jersey Law Against Discrimination ("NJLAD").

44.    Plaintiff claims that Defendant violated the NJLAD by treating her in a disparate and less favorable manner because she is an African American female.

45.    Defendant subjected Arku-Nyadia to less favorable treatment and more severe discipline than non-African American employees on the basis of her race and/or gender, including termination for alleged misconduct and false accusations.

46.    Defendants' disparate treatment was motivated by actual malice or was the result of a willful and wanton disregard for the harm to Plaintiff.

47.    Defendant caused Plaintiff to suffer economic, physical and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against the Defendant and seeks damages for back pay, reinstatement or front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, statutory penalties, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys' fees, costs of suit, and such other relief that the Court may deem just and proper.

6

<u>**COUNT TWO**</u>
**(NJLAD - Retaliation)**

48.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

49.    Plaintiff engaged in protected activity under the NJLAD by reporting discrimination and harassment to Defendant.

50.    On multiple occasions, Plaintiff alerted management and other employees that she had been subject to discriminatory treatment on account of her race or witnessed discriminatory treatment of non-Caucasians.

51.    Defendant retaliated against Plaintiff for engaging in protected activity, by subjecting her to less favorable treatment and more severe discipline than other employees, including termination for conduct which went unpunished for other employees.

52.    Defendant's actions were motivated by actual malice or were the result of a willful and wanton disregard for the harm to Plaintiff.

53.    Defendant caused Plaintiff to suffer economic, physical, and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against the Defendant and seeks damages for back pay, reinstatement or front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, statutory penalties, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys' fees, costs of suit, and such other relief that the Court may deem just and proper.

<u>**COUNT THREE**</u>
**(NJLAD – Hostile Work Environment)**

54.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

7

55.    Plaintiff, as an African American female, was subjected to a hostile work environment by defendant on the basis of both her gender and race in violation of NJLAD.

56.    Defendant's harassment of Plaintiff and other employees was severe and pervasive enough to make a reasonable African American woman feel that the conditions of her employment were altered and that the working environment was intimidating, hostile and abusive on the basis of her race and gender.

57.    Defendant's actions were perpetrated by both Plaintiff's Caucasian and male counterparts as well as management at Defendant's Paramus location.

58.    Defendant caused Plaintiff to suffer economic, physical and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against the Defendant and seeks damages for back pay, reinstatement or front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, statutory penalties, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys' fees, costs of suit, and such other relief that the Court may deem just and proper

### DEMAND FOR TRIAL BY JURY

Plaintiff, Suzy Arku-Nyadia, demands a trial by jury on all issues.

### DESIGNATION OF TRIAL COUNSEL

John C. Messina, Esq., is hereby designated as trial counsel in this matter.

BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
Attorneys for Plaintiff

Dated: 12/22/17

By: _____
John C. Messina

8

<u>**CERTIFICATION PURSUANT TO R. 4:5-1**</u>

I HEREBY CERTIFY in accordance with New Jersey Civil Practice <u>R</u>. 4:5-1, that, to the best of my knowledge, information and belief, the instant matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding. I am not presently aware of any other parties who should be joined in this action.

BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
Attorneys for Plaintiff

By: _____
    John C. Messina

Dated: 12/22/17

9

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-009039-17**

**Case Caption:** ARKU-NYADIA SUZY  VS LEGAL SEAFOODS, LLC

**Case Initiation Date:** 12/22/2017

**Attorney Name:** JOHN MESSINA

**Firm Name:** BERKOWITZ LICHTSTEIN KURITSKY GIASULLO & GROSS, LLC

**Address:** 75 LIVINGSTON AVE
ROSELAND NJ 07068

**Phone:**

**Name of Party:** PLAINTIFF : Arku-Nyadia, Suzy

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**



I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/22/2017
Dated

/s/ JOHN MESSINA
Signed

ESX L 009039-17  12/23/2017 5:11:32 AM  Pg 1 of 1  Trans ID: LCV2017699317

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK        NJ 07102
                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:  DECEMBER 22, 2017
                    RE:    ARKU-NYADIA SUZY  VS LEGAL SEAFOODS, LLC
                    DOCKET: ESX L -009039 17

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON DEBORAH M. GROSS-QUATRONE

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (973) 776-9300.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: JOHN MESSINA
                              BERKOWITZ LICHTSTEIN KURITSKY
                              75 LIVINGSTON AVE
                              ROSELAND        NJ 07068

ECOURTS

<u>NJ SUPERIOR COURT LAWYER REFERRAL AND LEGAL SERVICE LIST</u>

**ATLANTIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201)488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk, Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk, Superior Court
Civil Processing Office
Hall of Justice
1st Fl, Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk, Superior Court
9 N. Main Street
Cape May Court House, NJ
08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office
60 West Broad Street
P. O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk, Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr.
Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office,
Attn: Intake, First Fl., Court
House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk, Superior Court
Civil Records Dept.
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk, Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk, Superior Court
Local Filing Office, Courthouse
175 S. Broad Street
P. O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 586-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk, Superior Court
Middlesex Vicinage
Second Floor, Tower
56 Paterson Street
P. O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk, Superior Court
Court House
P. O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington & Court Streets
P. O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk, Superior Court
Court House, Room 121
118 Washington Street
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division - Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk, Superior Court
Attn: Civil Case Management
Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk, Superior Court
Civil Division Office
40 North Bridge Street
P. O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk, Superior
Court
Sussex County Judicial
Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk, Superior
Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-
6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk, Superior
Court
Civil Division, Court
House
413 Second Street
Belvidere, NJ 07823-
1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010