# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
### Leda Dunn Wettre
**United States Magistrate Judge**

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

March 28, 2022

To:   All counsel of record

### <u>LETTER ORDER</u>

RE:   *Arku-Nyadia v. Legal Sea Foods, LLC, et al.,*
     <u>**Civil Action No. 18-cv-1089-SDW-LDW**</u>

Dear Counsel:

Before the Court is plaintiff's motion for reconsideration (ECF No. 168) of the Court's January 27, 2022 Order granting in part and denying in part plaintiff's Motion For Leave To File A Second Amended Complaint.  (ECF No. 166; Oral Opinion at ECF No. 167).  Defendant Legal Sea Foods Restaurant Group, Inc. ("LSFRG") opposes the motion. (ECF No 173).  For the reasons set forth below, plaintiff's motion is **DENIED**.

The Court presumes familiarity with the procedural history of this long-litigated employment discrimination action.  Briefly, plaintiff contends that she was discriminated against on the basis of race while employed as a waitress by defendant LSFW LLC ("Legal Sea Foods"). When Legal Sea Foods ceased defending this action after selling certain assets to defendant LSFRG, its Answer was stricken and default was entered against it.  (ECF No. 97).  Plaintiff then impleaded LSFRG on the theory that it is the successor in interest to Legal Sea Foods and thus liable for Legal Sea Foods' alleged discrimination. (ECF No. 103).

At issue on this reconsideration motion is the Court's January 27, 2022 Order.  That Order granted plaintiff's motion to file a Second Amended Complaint asserting a successor liability claim against defendant LSFRG and denied leave to assert new claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 against defaulted defendant Legal Sea Foods.  (ECF No. 166). The Court set forth its views in an oral opinion delivered on January 27, 2022 (ECF No. 167), essentially holding that to permit new federal claims against Legal Sea Foods at this stage of the case would constitute undue delay and unfair prejudice within the meaning of Federal Rule of Civil Procedure 15.  (ECF No. 167 at 35-36).  The Court set forth its rationale on this point as follows:

> The Court next rules that no claims may be asserted against [Legal Sea Foods] other than the [New Jersey Law Against Discrimination ("LAD")] claims for racial discrimination as to which the Court entered default.  As of the time [Legal Sea Foods] stopped defending the lawsuit, the case had been pending for four years

with only LAD claims asserted.  Those were the claims that proceeded through plenary discovery over a period of nearly two years.  Those were the claims that were tested on summary judgment.  And those are the claims that would have gone to trial against [Legal Sea Foods], had it not stopped defending the case and had a default entered against it striking its answer.  The LAD racial discrimination claims were the claims that existed at the time default was entered.  The assertion of new federal claims under Title VII and § 1981 against [Legal Sea Foods] would constitute undue delay and unfair prejudice within the meaning of Rule 15 and are not permitted. . . . Here plaintiff never asserted any claims but state LAD claims against [Legal Sea Foods] during the entire litigation, and it should not be able to assert new claims now.

(See ECF No. 167 at 35:11 to 36:11).

Plaintiff seeks reversal of that decision by means of its motion for reconsideration. Reconsideration is appropriate only where the movant demonstrates "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Courts should be "loathe to [reconsider their decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." *Lesende v. Borrero*, 752 F.3d 324, 339 (3d Cir. 2014).

Plaintiff asserts a host of reasons why the Court's Order denying leave to assert new federal claims against Legal Sea Foods purportedly was erroneous.  (ECF No. 168).  These arguments include that the Court erred in not recognizing that it had the power to grant leave for plaintiff to assert new claims against defendant Legal Sea Foods despite its being in default, that doing so would promote public policy, and that plaintiff's assertion of new claims four years into the litigation that could have been asserted at the inception of the case did not constitute undue delay. (See Pl. Brief, ECF No. 169 at pp. 8-14).  The Court previously considered and rejected each of these arguments and need not address them again on reconsideration.  Suffice to say that whether or not the Court had the *power* to allow the requested amendments, it properly exercised its discretion not to permit their assertion under the standards set by Rule 15, and there is no policy or other reason raised by plaintiff that convinces the Court that the denial was in error.[1]  For the

---

[1]  To the extent plaintiff argues that Fed. R. Civ. P. 60 did not allow the Court to correct its oversight in granting leave on an unopposed letter motion for plaintiff to assert new Title VII claims against Legal Sea Foods in the First Amended Complaint, it is beyond dispute that the Court has the power *sua sponte* to vacate Orders it comes to view as having been improvidently entered, as was done here.  *See Toll Bros, Inc. v. Essex Ins. Co.*, 07-CV-1296, 2015 WL 1933699, at *6 (E.D. Pa. Apr. 29, 2015) ("[A] district court has the authority to revise interlocutory orders *sua sponte*.") (citing cases)); *Kaul v. Christie*, 16-CV-2364 (KM), 2019 WL 920815, at *13 (D.N.J. Feb. 22, 2019) (reciting with approval Magistrate Judge's *sua sponte* vacatur of filing of amended complaint).  The Court realized its oversight when adjudicating plaintiff's Motion For Leave To

reasons set forth in its original oral opinion, the Court properly denied the assertion of new federal claims against a defaulted defendant four years into this litigation as contrary to Rule 15.

Perhaps trying to demonstrate that the Court's Order will result in manifest injustice in the absence of reconsideration, plaintiff argues throughout her submission that she is unfairly prejudiced by the denial of leave to assert new claims against Legal Sea Foods.   But in this Court's view, plaintiff is not at all prejudiced.   She has been permitted to pursue her claims of successor liability against LSFRG, exactly in accordance with the Third Circuit's decision in *Brzozowski v. Corr. Physician Servs., Inc.*, 360 F.3d 173 (3d Cir. 2004).   And she is permitted to seek default judgment on the existing LAD claims against Legal Sea Foods.   As plaintiff herself concedes, the damages she is entitled to seek against Legal Sea Foods under her LAD claims are identical to those she could seek under Title VII and section 1981, and hence there is no relief she is being denied against Legal Sea Foods by obtaining a default judgment solely on her extant LAD claims. (See Pl. Br., ECF No, 169 at p. 9 (acknowledging that "the remedies sought under the NJLAD, § 1981 and Title VII are identical")).

Plaintiff's claim of prejudice then rests solely on the misguided notion that she should be permitted to manipulate the claims against defaulted defendant Legal Sea Foods solely in order to strengthen her hand against the other defendant, LSFRG.   As plaintiff was constrained to concede, she is seeking to assert federal claims against defunct Legal Sea Foods so that she may pursue liability against its alleged successor, LSFRG, under what she perceives to be a more favorable legal standard.   (*See* ECF No. 167 at 12:3 to 12:7) (plaintiff's counsel admitting that part of the purpose of pleading federal claims against Legal Sea Foods was to seek a more "advantageous successor liability standard" against LSFRG)).   In aggressive pursuit of that goal, she has asked the Court for leave to file three different forms of amended pleadings since Legal Sea Foods was defaulted.   (*See* ECF Nos. 103, 129-1, 134-1).   While plaintiff has every right to pursue her own self-interest, the Court is not required to countenance plaintiff's evolving strategy when it flies in the face of the Federal Rules.   As LSFRG aptly points out, the Order as to which plaintiff which seeks reconsideration "provides Plaintiff with exactly what she was entitled to all along – nothing more, nothing less:   a path to judgment against LSF and a path to pursue successor liability against LSFRG on the same claims that existed against LSF for more than three years."   (ECF No. 173 at p. 2).

Finally, to the extent plaintiff contends that the undersigned exceeded her non-dispositive judicial powers by denying the motion to amend, plaintiff is mistaken.   Motions to amend are considered non-dispositive motions that may be decided by a Magistrate Judge.   *See Patel v. Meridian Health System, Inc.*, 666 Fed. App'x 133, 135 (3d Circ. 2016) ("[A] motion for leave to amend is nondispositive.").

In sum, the Court is not convinced that its Order denying leave to amend was in any respect incorrect.   The addition of new claims against a defaulted defendant several years into the

File A Second Amended Complaint and corrected it for the reasons set forth in its oral opinion. (*See* ECF No. 167 at 36:11 to 38:3).

3

litigation was improper and hence denied.   Plaintiff's mere disagreement with the Court's decision is insufficient to prevail on a motion for reconsideration.   *See Tehan v. Disability Mgmt. Servs.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000); *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014).

Accordingly, plaintiff's motion for reconsideration is **DENIED**.   The Clerk of the Court is directed to terminate the motion at ECF No. 168.

**SO ORDERED this 28th day of March, 2022.**

_s/ Leda Dunn Wettre_
**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Orig:   Clerk
cc:   Counsel of Record