# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
## Leda Dunn Wettre
**United States Magistrate Judge**

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

March 28, 2022

To:   All counsel of record

## LETTER ORDER

RE:   *Arku-Nyadia v. Legal Sea Foods, LLC, et al.,*
      **Civil Action No. 18-cv-1089-SDW-LDW**

Dear Counsel:

Before the Court is the cross-motion of defendant Legal Sea Foods Restaurant Group, Inc. ("LSFRG") to stay the Court's adjudication of plaintiff's motion for a default judgment against a separate defendant, LSFW LLC f/k/a Legal Sea Foods, LLC ("Legal Sea Foods"). (ECF No. 151). The Court decides the motion on the papers, pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion is **DENIED**.

The Court presumes familiarity with the background of this action and writes primarily for the parties. Briefly, this is an employment discrimination action brought by a waitress formerly employed by defendant Legal Sea Foods. (ECF No. 1, Exh. A). After completion of discovery, the Court denied Legal Sea Foods' motion for summary judgment as to plaintiff's racial discrimination claims under the New Jersey Law Against Discrimination. (ECF Nos. 83, 84). Before those claims could be scheduled for trial, Legal Sea Foods sold certain assets to LSFRG and stopped defending the case. (*See* ECF Nos. 87, 88, 90). Consequently, the Court entered a default against Legal Sea Foods, striking its Answer, and plaintiff impleaded defendant LSFRG on the theory that it is liable as the alleged successor in interest to Legal Sea Foods. (*See* ECF Nos. 91, 92, 94, 95, 97, 103, 125, 165).

In December 2021, plaintiff filed a motion for default judgment against defendant Legal Sea Foods. (ECF No. 136). Defendant LSFRG did not oppose the substance of that motion but instead filed the instant cross-motion to stay its adjudication. (ECF No. 151-1).

The granting of a stay is in the Court's sound discretion. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court, in weighing the competing interests, considers the following:

(1) Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of

hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Cable Systems Installations Corp. v. Int'l Brotherhood of Electrical Workers, Local Union No. 351*, 12-CV-7407, 2015 WL 13650366, at *3 (D.N.J. Mar. 30, 2015); *see also Actelion Pharms. Ltd. v. Apotex, Inc.*, 12-CV-5743, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013).

The Court finds that each of the requisite factors militates against granting the requested stay of the motion for default judgment. First, a stay would unduly prejudice the plaintiff. Plaintiff's motion for default judgment is time sensitive, as she intends to seek to satisfy any judgment that is entered by attaching funds she has learned Legal Sea Foods is due to receive between March and June 2022. (*See* ECF No. 156 at 10-11). Delaying entry of default judgment against Legal Sea Foods may render plaintiff unable to enforce the judgment against these assets.

Second, denial of the stay would not create "a clear case of hardship or inequity for the moving party," LSFRG. Plaintiff is not seeking a default judgment against LSFRG – only Legal Sea Foods – so it faces no direct, adverse consequence if plaintiff's motion for default judgment is granted. It argues, however, that a default judgment against Legal Sea Foods may be harmful to it should it later be found to be Legal Sea Foods' successor in interest. This might be true if a default judgment against Legal Sea Foods could be imposed on it simply as a result of being found to be Legal Sea Foods' successor. But imposition on LSFRG of the judgment entered against Legal Sea Foods would not necessarily be automatic. The Third Circuit in *Brzozowski v. Correctional Physician Services, Inc*., 360 F.3d 173 (3d Cir. 2004) instructed in a similar circumstance that a party like LSFRG defending itself against a successor liability claim "must be afforded the opportunity to defend itself against the claim *de novo*" rather than simply having a consent judgment with that party's predecessor imposed on it. *Id.* at 179. Thus, LSFRG has not demonstrated that allowing plaintiff to obtain a default judgment against Legal Sea Foods is likely to be prejudicial to it.[1]

Third, a stay will not simplify the issues and the trial of the case. It is far more efficient to allow plaintiff to seek a default judgment against Legal Sea Foods while allowing her simultaneously to complete discovery on her successor liability claims against LSFRG. Given that plaintiff has committed to discontinuing her successor liability claims against LSFRG if she is able to collect on the default judgment from Legal Sea Foods, staying the default judgment motion would only serve to prolong, not expedite, the completion of this case. (*See* ECF No. 156 at 9-10 (stating that "because plaintiff's only claim against LSFRG is for 'successor liability,'" it "will become moot if judgment is fully satisfied by" Legal Sea Foods)). Thus, judicial and party economy favor denial of the stay.

---

[1] To the extent that LSFRG further argued that it was prejudiced by the uncertainty surrounding what claims plaintiff would be permitted to assert against it and Legal Sea Foods, this issue has since been mooted by the Court's ruling on plaintiff's motion to amend, which clarified the permitted claims. (See ECF No. 165).

The fourth factor – whether discovery is complete and/or a trial date has been set – also weighs against the granting of a stay.   LSFRG proposes that the default judgment motion against Legal Sea Foods be stayed until the Court determines whether LSFRG is the former's legal successor.   The issue of successor liability, however, will not be determined until at least the completion of discovery and summary judgment on this issue, and possibly not until after a trial. It is therefore likely to be six months or more until the Court determines whether LSFRG is subject to successor liability.   That is too long to ask plaintiff to wait, given plaintiff's interest in attaching funds that are due to be transferred to Legal Sea Foods in the next three months.

For the foregoing reasons, the Court exercises its discretion to **DENY** the requested stay of the motion to stay adjudication of the motion for default judgment against Legal Sea Foods.   It is so Ordered, and the Clerk is directed to terminate the cross-motion at ECF 151.

**SO ORDERED this 28th day of March, 2022.**

_s/ Leda Dunn Wettre_

**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Orig:   Clerk
cc:   Counsel of Record